IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JERRY JUNIOR EADS, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 7:21-cv-00329 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| SOUTHWEST VIRGINIA REGIONAL ) | By:   Hon. Thomas T. Cullen |
| JAIL AUTHORITY, *et al.*, ) | United States District Judge |
| ) | |
| Defendants. ) | |

Plaintiff Jerry Junior Eads, a Virginia inmate proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983, seeking monetary relief for alleged violations of his constitutional rights. Having reviewed the amended complaint, the court concludes that Eads has failed to state a claim upon which relief may be granted. Therefore, the court will dismiss the amended complaint without prejudice under 28 U.S.C. § 1915A(b)(1).

**I.**

Eads is incarcerated at a jail in Abingdon, Virginia, that is operated by the Southwest Virginia Regional Jail Authority (the "Jail Authority"). (*See* Am. Compl. 1 [ECF No. 17].) He appears to name as defendants the Jail Authority, Captain Tatum, Lieutenant Mullins, and "Medical P[ersonnel]." (*Id.*)

In his first set of claims, Eads alleges that he is unable to work at the jail because he has undergone two major back surgeries. (*Id.* ¶ E.) Consequently, Eads does not have the opportunity to earn work-related sentence credits. (*Id.*) Eads alleges that jail officials are

"discr[iminating]" against him by not offering him "any way to receive time off [his] sentence." (Attach. to Amend. Compl. [ECF No. 17].)

In his second set of claims, Eads alleges that he waited approximately 120 days to see a dentist. (Am. Compl. ¶ E.) Eads asserts that he was unable to brush his teeth during that time and that federal inmates received dental treatment ahead of him. (*Id.*)

## II.

The court is required to review a complaint in a civil action in which an inmate seeks redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). On review, the court must "dismiss the complaint, or any portion of the complaint, if the complaint . . . fails to state a claim upon which relief may be granted." *Id.* § 1915A(b)(1). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III.

Eads seeks relief under 42 U.S.C. § 1983. Section 1983 imposes liability on any "person" who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "To state a claim under § 1983[,] a plaintiff 'must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person

acting under color of state law.'" *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017) (quoting *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011)). For the following reasons, the court concludes that Eads's amended complaint fails to state a cognizable claim against any of the named defendants.

First, the jail's medical staff is not a proper defendant in a § 1983 action. As indicated above, the plaintiff is required to show that an alleged constitutional violation was committed by a "person" acting under color of state law. 42 U.S.C. § 1983. Use of the term "staff" or "personnel" is "not adequate to state a claim against a 'person' as required in § 1983 actions." *Givens v. LADC Med. Staff*, No. 7:19-cv-00235, 2019 WL 1590597, at *1 n.3 (W.D. Va. Apr. 12, 2019); *see also Dudley v. Food Service-Just Care*, 519 F. Supp. 2d 602, 604 (D.S.C. 2007) ("[P]laintiffs in § 1983 actions may not subject to suit collective characterizations such as management or staff.") (internal quotation marks and citations omitted).

Second, the amended complaint does not state a plausible claim against the Jail Authority. Although local governing bodies are persons to whom § 1983 applies, they are not automatically liable for injuries inflicted by their employees or agents. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690, 694 (1978). "Instead, it is when execution of [an official] policy or custom . . . inflicts the injury that [a local governing body] as an entity is responsible under § 1983." *Id.* at 694. "Thus, a governmental entity, such as a regional jail authority, is liable under § 1983 only when the entity itself is a 'moving force' behind the deprivation." *Rabara v. SWVRJA*, No. 7:20-cv-00649, 2021 WL 149860, at *1 (W.D. Va. Jan. 25, 2021) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981)). That is, "the entity's policy or custom must have played a part in the violation of federal law." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)

(internal quotation marks and citation omitted). Here, despite being given the opportunity to amend, Eads does not allege that a policy or custom of the Jail Authority was the moving force behind any constitutional violations. Nor does he "plead[] factual content that allows the court to draw the reasonable inference" that a policy or custom contributed to the deprivation of a federal right. *Iqbal*, 556 U.S. at 678. Therefore, Eads fails to state a cognizable § 1983 claim against the Jail Authority.

Third, the amended complaint does not contain any factual allegations from which the court can reasonably infer that the named individual defendants are subject to liability under § 1983. Aside from the case caption, the amended complaint does not mention Captain Tatum or Lieutenant Mullins and therefore does not provide any indication as to what either officer did to violate his constitutional rights. In a § 1983 action, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Because the amended complaint does not satisfy this requirement, Eads fails to state a claim against either individual defendant.

Finally, the facts alleged in the amended complaint do not make out a violation of Eads's constitutional rights. With respect to his first set of claims, Eads has no constitutional right to be released before the expiration of his sentence or to participate in rehabilitative or vocational programs. *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."); *Ray v. Koppel*, No. 8:13-cv-03480, 2015 WL 5136803, at *6 (D. Md. Aug. 31, 2015) ("While prison employment may serve an important rehabilitative function, the law is well settled that a prisoner has no constitutional right to

participate in an educational or rehabilitative program.") (citing *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976)). To the extent Eads alleges that jail officials have treated him in a discriminatory manner, conclusory assertions of discrimination—without more—are insufficient to state a claim under the Equal Protection Clause of the Fourteenth Amendment. *Williams v. Hansen*, 326 F.3d 569, 584 (4th Cir. 2003); *see also Equity in Athletics, Inc. v. Dep't of Educ.*, 639 F.3d 91, 108 (4th Cir. 2011) ("In order to [state] an equal protection claim, a plaintiff must plead sufficient facts to demonstrate plausibly that he was treated differently from others who were similarly situated and that the unequal treatment was the result of discriminatory animus.").

Eads's second set of allegations also fails to state a constitutional claim. To the extent Eads complains of having to wait four months to see a dentist, "[a]n Eighth Amendment violation only occurs . . . if the delay results in some substantial harm to the patient." *Webb v. Hamidullah*, 281 F. App'x 159, 166 (4th Cir. 2008). Eads does not allege that he suffered any harm as a result of the delay in receiving dental treatment, much less "substantial harm." *Id.* Additionally, Eads does not plausibly allege that any of the named defendants acted with "deliberate indifference" to a serious dental need. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994) ("To violate the Cruel and Unusual Punishments Clause [of the Eighth Amendment], a prison official must have a sufficiently culpable state of mind. In prison-conditions cases that state of mind is one of deliberate indifference to inmate health or safety.") (internal quotation marks and citations omitted); *DePaola v. Clarke*, 884 F.3d 481, 486 (4th Cir. 2018) ("An official acts with deliberate indifference if he had actual knowledge of the prisoner's serious medical needs and the related risks, but nevertheless disregarded them."). Lastly, the mere assertion

that federal inmates received dental treatment ahead of Eads does not suffice to state a violation of the Equal Protection Clause. *See Equity in Athletics*, 639 F.3d at 108.

## IV.

For the reasons stated, the court concludes that Eads's amended complaint fails to state a plausible claim for relief under 42 U.S.C. § 1983. Therefore, the court will dismiss the amended complaint without prejudice under 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to Eads.

**ENTERED** this 26th day of August, 2021.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE